# CHARLESTON.

## EASTBURN *v.* NORFOLK & W. R. Co.

(HOLT, JUDGE, absent.)

Submitted September 10, 1890.—Decided February 7, 1891.

1. DAMAGES—RAILROAD COMPANY—CONTRIBUTORY NEGLIGENCE.
   Where a brakeman on a freight train receives an injury by reason of a collision with another train, and it is manifest from the evidence that by his own failure to comply with the duties required of him by the train rules, with which he was familiar, and by abandoning his post and going to sleep, he directly contributed to the injury he received, no damages can be recovered by said brakeman from the railroad company for said injury.

2. DAMAGES—RAILROAD COMPANY—CONTRIBUTORY NEGLIGENCE·
   When the evidence discloses that the injury was caused by the mutual fault of both parties, and that it would not have happened except for the culpable negligence of the party injured, concurring with that of the other party, there can be no recovery of damages by the party injured, unless said injury could have been avoided after the defendant had notice of the negligence of the plaintiff, or was wanton or malicious.

*A. W. Reynolds* and *Douglas & McNutt* for plaintiff in error, cited:

15 W. Va. 628; Greenl. Ev. (Redf. Ed.) 135; 26 Gratt. 351; 26 Ga. 111; 7 Gray 92; 12 W. Va. 699, 709; 24 W. Va. 606; 4 H. & M. 125; 17 W. Va. 683, 684; 2 Gratt. 333; 28 Gratt. 800; 74 Ala. 150, 487; 72 Ala. 411; Whart. Neg. § 420; Shearm. & Redf. Neg. (4th Ed.) §§ 54, 180; 13 W. Va. 261; 28 W. Va. 736, 737, 738; 17 W. Va. 190; 29 W. Va. 98; 16 W. Va. 658; 8 Am. & Eng. R'y Cas. 467; 6 Am. & Eng. R'y Cas. 27; 26 Am. & Eng. R'y Cas. 396; 29 Am. & Eng. R'y Cas. 297; 23 Am. & Eng. R'y Cas. 258; 28 Am. &

Eug. R'y Cas. 665; 31 Gratt. 200; Id. 812; 78 Va. 645, 663; 79 Va. 241; 80 Va. 546; 81 Va. 783; 83 Va. 932; 31 W. Va. 120–122; 29 W. Va. 98; 28 Am. & Eng. R'y Cas. 379; Id. 587; 103 Ill. 512; 75 Mo. 475; 68 Mo. 595; 75 Mo. 575; 28 W. Va. 618.

*Johnson & Hale* for defendant in error, cited:

1 Greenl. Ev. §§ 113, 114; 64 Am. Dec. 763; Pierce R'd 317; 25 Am. Dec. 282; 17 Conn. 441; 29 Am. Dec. 543; 100 U. S. 37; 10 S. E. Rep. 29; 9 Wall. 726; Sto. Ag. §§ 139, 253; 32 Gratt. 399; 38 Miss. 242; 30 W. Va. 798; 16 Otto 700; 37 Am. Rep. 491; 29 Am. Rep. 975; 13 Am. Rep. 545; 69 Am. Dec. 317; 81 Va. 71; Beach Con. Neg. § 18; 62 Am. Dec. 246; 58 Am. Dec. 191; 21 Ia. 25; 9 Wis. 214; Pierce R'd 326–328; 27 W. Va. 145; 35 N. Y. 9; 29 N. Y. 383; 8 Ohio St. 570; 26 Wis. 223; 2 Wood R'y L. 1074; 28 W. Va. 732: Beach Con. Neg. § 162; 128 U. S. 91; 28 W. Va. 618–620; 78 Va. 745; 27 W. Va. 164; 17 W. Va. 190; 9 W. Va., 270; 33 Md. 542; 31 Gratt. 812, 818; Code c. 125, s. 16; 18 W. Va. 19, 20; 26 Gratt. 537; 12 Wall 65–86.

ENGLISH, JUDGE:

This was an action of trespass on the case brought by Walter D. Eastburn against the Norfolk & Western Railroad Company in the Circuit Court of Mercer county, and the declaration was filed at the October rules, 1889. On the 20th day of December, 1889, the defendant demurred to the plaintiff's declaration, and to each count thereof, in which demurrer the plaintiff joined, and the court overruled the same, and thereupon the defendant pleaded "not guilty," and issue was joined thereon, which issue was submitted to a jury, and resulted in a verdict in favor of the plaintiff for three thousand and three hundred dollars; and thereupon the defendant moved the court to set aside the verdict and grant it a new trial, on the ground, among others, that the verdict was contrary to the law and the evidence, which motion was overruled by the court, and the defendant excepted, and tendered four bills of exception, numbered 1, 2, 3, and 4, which were made a part of the

record in the case, and the court entered up a judgment upon said verdict, and from said judgment the defendant applied for and obtained this writ of error.

During the trial and after the closing of the testimony in the case the plaintiff asked the court to give the jury certain instructions, which are numbered 2, 3, 7, and 8, and are set forth in bill of exceptions No. 2, taken by the defendant, which were objected to by the defendant, and the objection was overruled by the court, and exception taken. These instructions are in the words and figures following :

"Instruction No. 2 : The court further instructs the jury that if they believe from the evidence in this case that A. J. Hearn was the conductor of one of the defendant's freight trains, upon which plaintiff was a brakeman, and, while on said train, plaintiff was injured, and that said Hearn, as such conductor, under the rules and regulations of the defendant introduced as evidence in this case, had the management and control, and was responsible for the safety of his train, and that it was his duty to be familiar with the duties of the brakeman on his said train, and to enforce and to see enforced the rules of said defendant applicable to said brakeman, and that it was the duty of rear brakeman and flagman Clark to go to the rear, and flag approaching trains, and that it was the duty of said Hearn to see that Clark performed said duty, and that said Clark did not perform said duty, and that said Hearn failed and neglected to require and see that said Clark, the rear brakeman and flagman on his said train, did go to the rear for the purpose of flagging another of defendant's trains approaching and following said Hearn's train ; and if they further believe from the evidence in the case that, by reason of such failure on the part of Conductor Hearn to have his train flagged, said approaching train of the defendant following said Hearn's train ran into and collided with the same, which injured the plaintiff, and of which injury the plaintiff in this case complains—then the jury may infer negligence on the part of the defendant, in the absence of evidence negativing such negligence.

"Instruction No. 3 : The court further instructs the jury

that, if they believe from the evidence in this case the defendant was guilty of negligence, and that such negligence of the defendant directly contributed to and had a share in producing the injury complained of by the plaintiff, the defendant is liable, even though they believe that Clark, the rear brakeman, was guilty of negligence, and that the negligence of Clark, the rear brakeman and flagman, was contributory also.

"Instruction No. 7: The court instructs the jury that, if they find the defendant guilty, they are, in estimating the damage, at liberty to consider the health and condition of the plaintiff before the injury complained of, as compared with his present condition in consequence of said injuries, and whether said injury is, in its nature, permanent, and how far said injury is calculated to disable the plaintiff in those pursuits and employments for which, in the absence of said injury, he would have been qualified, and also the physical and mental suffering to which he was subjected, or may be subjected, by reason of said injuries, and to allow such damages as, in the opinion of the jury, will be a fair and just compensation for the injury which the plaintiff has sustained.

"Instruction No. 8: The court instructs the jury that, although they may believe from the evidence in this case that the plaintiff, Eastburn, in going into the caboose referred to in the evidence, and going to sleep there, was guilty of negligence, and thereby contributed to the injury which he received, yet if they believe from the evidence in the case that the defendant could, by the exercise of ordinary care and diligence, have avoided the injury to the plaintiff, and that the defendant did not use such ordinary care and diligence to avoid said injury, then the plaintiff's negligence will not exclude or relieve the defendant from liability."

The defendant also asked the court to give the jury eleven instructions, which are contained in bill of exceptions No. 3, which instructions were objected to by the plaintiff, and the court sustained said objections to instructions Nos. 1, 2, 3, 4, 6, 8, and 9, and refused to give the same to the jury, but gave instructions Nos. 5, 7, 10, and 11, and the defend-

ant excepted to the action of the court in refusing to give said instructions Nos. 1, 2, 3, 4, 6, 8, and 9 to the jury. Said instructions asked for by the defendant read as follows:.

"Instruction No. 1: The court intructs the jury that, if they believe from the evidence that the plaintiff, before the accident, left his post of duty in violation of a rule of the company, and went to another part of the train, where he was exposed to greater danger than he would have been, and was there injured, he is not entitled to recover damages of the defendant company.

"Instruction No. 2: The court instructs the jury that, if they believe from the evidence that the plaintiff, before the accident, voluntarily, and in violation of a rule of the company, or of his contract of service with the company, entered the caboose attached to his train, and there went to sleep, and was asleep when his train was run into by train No. 1st 64, in charge of Conductor I. E. Powers, then he was guilty of contributory negligence, and can not recover damages of the defendant company.

"Instructon No. 3: If the jury believe from the evidence that the collision of train No. 1st 64, Engineer Gus Lambert, with No. 2d 62, in which collision the plaintiff was injured, was caused by the negligent acts or omissions of Engineer Gus Lambert, then, said Gus Lambert and the plaintiff being fellow servants the plaintiff can not recover damages of the defendant company for said injury.

"Instruction No. 4: If the jury believe from the evidence that it was the duty of W. C. Clark, rear brakeman and flagman, to flag his train on its stopping at Dry Branch, after the pusher was attached, and he failed to do so, and that his neglect to flag the train was one of the proximate causes of the collision in which the plaintiff was injured, such negligence was the negligence of a fellow-servant of the plaintiff, and the plaintiff can not recover damages of the said defendant company.

"Instruction No. 6: If the jury believe from the evidence that the plaintiff wilfully or ˙tacitly combined with the other employés of the company to disregard the rules and regulations of the defendant company as to flagging trains

when stopping at regular stopping points, and that the collision of trains No. 1st 64 and No. 2d 62, in which collision the plaintiff was injured, was the result of such combination, and if they further believe from the evidence that No. 2d 62 was not flagged by reason of such combination, and that the collision occurred at a regular stopping place for trains, then the plaintiff is not entitled to recover damages of the defendant company.

"Instruction No. 8: The court instructs the jury that, if they believe from the evidence in this case that Engineer Gus Lambert, on No. 1st 64, was guilty of negligence in colliding with No. 2d 62, and if they believe from the evidence that the plaintiff, W. D. Eastburn, was at the same time guilty of negligence in knowingly retaining a position of danger, and in not taking steps to avert such danger then he was guilty of such contributory negligence as will prevent him from recovering damages in this case.

"Instruction No. 9: If the jury believe from the evidence in this case that the plaintiff knowingly and negligently assumed a place of danger, and negligently failed to do his duty in averting such danger, and his said negligence was one of the proximate causes of the injury, then he is not entitled to recover damages from the defendant company on account of his injury.

The first error assigned by the plaintiff in error is the action of the court in overruling the demurrer to the plaintiff's declaration, but, as nothing is suggested in support of said assignment by counsel for the plaintiff in error in his brief, he must be regarded as having waived the same, and, as we perceive no error in said declaration, we must consider that the court below acted properly in overruling the demurrer. The second assignment of error relied upon by the plaintiff in error is that the court below erred in overruling defendant's objection to the evidence set forth in bill of exceptions No. 1. Upon inquiry whether an investigation was held by the company, meaning an investigation of the causes of the accident in which plaintiff was injured, the witness answered, "Yes;" and also that said witness, A. J. Hearn, was asked by plaintiff's attorney, "What was the result of that investigation?" which ques-

tion was objected to by defendant's counsel, but the objection was overruled, and the witness answered, "I was suspended ten days, and Gus Lambert has not been in the employ of the company since that time"—meaning Gus Lambert, engineer on 1st No. 64, one of the colliding trains.

It appears from the evidence of A. J. Hearn, which is in no way contradicted, that the investigation which was inquired about was held at Roanoke, by the chief dispatcher, J. C. Stone; and, although it appears that the crews of the colliding trains were present, and others, it does not appear that he gave any testimony, under oath or otherwise, or that said J. C. Stone had right or authority to conduct such an investigation, or that the result of such investigation, when reached, should have any binding force and effect, either upon the said railroad company or others complaining of its negligence. If witnesses were examined, it does not appear that the rules of evidence were applied or regarded in conducting the investigation, and, whether the result was to condemn or exculpate the officers of the company who were in charge of the trains at the time of the collision, the conclusion reached in said investigation could not be properly brought before the jury in the case under consideration to in any manner influence their verdict. The fact that the result of this investigation was allowed to be proven by the witness Hearn had a tendency to prejudice the cause of the defendant before the jury, and to influence them, by showing the opinion of the train dispatcher as to the conduct of the engineer and conductor who were in charge of the colliding trains, without allowing them to hear the evidence on which said opinion was reached. Starkie, Ev. (9th Ed.) top p. 81, says: "The law interferes to exclude all evidence which falls within the description of *res inter alios acta;* the effect of which is, as will presently be seen, to prevent a litigant party from being concluded, or even affected, by the evidence, acts, conduct, or declarations of strangers." The conclusion arrived at by J. C. Stone may have been proper, and it may have been improper, but the jury have no means of determining which, and, for that reason, said conclusion,

whether right or wrong, could not properly be brought before the jury to influence them in any manner.

The plaintiff in error also claims that the court below erred in giving instruction No. 2, asked for by the plaintiff, for the reason that it collects from the plaintiff's evidence certain facts, or alleged acts and omissions on the part of the defendant's employes, which the evidence tended in part to prove, and tells the jury that if, they believe from the evidence that these facts existed, they may infer negligence on the part of the defendant, and does not tell the jury what is the consequence of that negligence in the event they further believe from the evidence that the plaintiff was or was not guilty of contributory negligence, and for this reason it was calculated to mislead the jury. In the case of *Storrs* v. *Feick*, 24 W. Va. 606, this Court held "it to be error for the court, in giving instructions to the jury, to single out certain facts, and instruct them, if they are true, they must find for either party in accordance with such facts, when there are other facts in the case, bearing on the subject, tending to establish a different conclusion." See, also, *McMechen* v. *McMechen*, 17 W. Va. 683, fourteenth section of syllabus, where this Court held: "It is improper for a court, in instructing a jury, to single out certain facts, and instruct the jury that, if they are true, they should find for either party in accordance with such facts, when there are other facts in the case bearing upon the subject." The *gravamen* of the plaintiff's declaration is the negligent conduct of the defendant, by reason of which he claims he was damaged, and, while the instruction does not tell the jury that they must find for the plaintiff as a sequence of the inference of negligence, yet the instruction was calculated to mislead the jury into the conclusion that negligence alone entitled the plaintiff to recover, whether contributory negligence was shown on the part of the plaintiff or not. The jury by this instruction, were told that if they believed that, under the rules and regulations of the defendant, the conductor Hearn had the management and control, and was responsible for the safety of his train, and that it was his duty to be familiar with the duties of the brakemen on

said train, and to enforce, and see enforced, the rules of said defendant applicable to said brakemen, and it was the duty of rear brakeman and flagman Clark to go to the rear, and flag approaching trains, and that it was the duty of said Hearn to see that said Clark performed said duty, and that said Clark did not perform that duty, and the said Hearn failed and neglected to require and see that said Clark did go to the rear for the purpose of flagging another of defendant's trains approaching and following said Hearn's train, and if they further believe from the evidence in the case that, by reason of such failure on the part of Conductor Hearn to have his train flagged, said approaching train of the defendant, following said Hearn's train ran into and collided with the same which injured the plaintiff, and of which injury the plaintiff complains, then the jury may infer negligence on the part of the defendant, in the absence of evidence negativing such negligence; that is, the plaintiff, in this instruction, collects such facts as, in his opinion, have the greatest tendency to show negligence on the part of the defendant, and asks the court to tell the jury that they may infer negligence on the part of the defendant from these facts, unless they can find other facts in the evidence negativing such negligence. This course would clearly have a tendency to mislead the jury. It brings prominently to their attention the duties and responsibilities of the conductor, but entirely ignores and disregards the duties of the rear brakeman, as set forth in No. 214 of the train rules, which were in evidence, which read as follows: "The post of the rear brakeman (or flagman) is in the last car in the train, which he must not leave except to protect the train. He must be provided with, and display, the proper signals on the rear of the train and, in case of detention or accident, must immediately go back, as per rules Nos. 92 and 94, without waiting for signals from the engineman or instructions from the conductor." Said instruction also fails to call the attention of the jury to the fact that the plaintiff, whose duty it was to take the place of the rear brakeman while he flagged the train, was asleep in the caboose when the collision occurred, when the rules

required him to "immediately take the place of the rear brakeman, and remain there until relieved by the flagman;" and who can say what inferences the jury would have been warranted in drawing, as to the effect and result of the collision upon the plaintiff, if, instead of being asleep in the caboose, he had been, where the rules of the defendant required him, in the place of the flagman, and looking out for the protection of himself and the train?

In the third instruction asked for by the plaintiff, the court instructed the jury that, "if they believed from the evidence in the case that the defendant was guilty of negligence, and that such negligence of the defendant directly contributed to, and had a share in, producing the injury complained of by the plaintiff, the defendant was liable, even though they believe that Clark, the rear brakeman, was guilty of negligence, and that the negligence of Clark, the rear brakeman and flagman, was contributory also." This instruction is based upon the supposition that the injury to the plaintiff resulted entirely from the failure of the flagman, Clark, to flag the train, and from the failure of the conductor to see that this rule was observed. It will be perceived, however, that rule No. 93 not only requires that the flagman shall go back to protect the rear of his train, but it also requires that the next brakeman (who was the plaintiff in this case) must take the flagman's position on the train, and remain there until relieved by the flagman; and also that the conductor must see that this rule is strictly observed. The plaintiff surely could not be heard to complain that the conductor was negligent in not seeing that he kept awake, and was not at his post of duty, yet if the plaintiff had complied with this plain rule, with which he was familiar, he might have seen the approaching train, and avoided the danger; and it will be perceived by reference to rule No. 208, under the heading of "Rules for Freight Brakeman," that "they are charged with the management of the brakes, and the proper display and use of the train signals." It would appear, then, that, the plaintiff being a brakeman, it was one of his duties, under the rules, with which he was familiar, to see to the proper display and use of the train signals, without

waiting for signals from the engineer or instructions from the conductor. This instruction is one that would not be easily understood by the jury. It seeks to avoid the effect of an injury resulting from the negligence of a fellow-servant by asserting that, if the defendant is guilty of negligence in other respects than that chargeable to the fellow-servant, the defendant is liable.

In the case of *Patton* v. *Navigation Co.*, 13 W. Va. 261, this Court held that "when an instruction asked for is so imperfectly expressed that its true import is not readily discernable, and would tend to mislead the jury, it should be refused."

In the case of *Richmond & D. R. Co.*, 31 Gratt. 201, point 4 of syllabus, the court of appeals of Virginia held that "one who, by his negligence, has brought an injury upon himself, can not recover damages for it. Such is the rule of civil and common law. A plaintiff, in such case, is entitled to no relief. But, where the defendant has been guilty of negligence also in the same connection, the result depends upon the facts. The question in such case is (1) whether damage was occasioned entirely by the negligence or improper conduct of the defendant; or (2) whether the plaintiff himself so far contributed to the misfortune by his own negligence, or want of ordinary care and caution, that but for such negligence, or want of care and caution on his part, the misfortune would not have happened." See *Railroad Co.* v. *Jones*, 95 U. S. 439.

Instruction No. 3, asked for by plaintiff should not have been given to the jury, because it directs them, in substance, to find against the defendant if they believe from the evidence the defendant was guilty of negligence, and that such negligence of the defendant directly contributed to, and had any share in producing the injury complained of, without qualifying the same by telling them that such would not be the case if the negligence of plaintiff was the proximate cause of the injury. See *Downey* v. *Railway Co.*, 28 W. Va. 732, p't 3 of syllabus, where the Court held : "In such case, if the fault or negligence of the plaintiff was the proximate cause of the injury, the defendant is not responsible, although it may have been negligent, and the remote cause of the injury."

Neither does said instruction exclude the hypothesis that the plaintiff himself may have been guilty of contributory negligence; yet this Court held, in the case of *Gerity's Adm'x* v. *Haley*, 29 W. Va. 98 (11 S. E. Rep. 901) p't 2 of syllabus, that, "if the defendant demurred to the plaintiff's evidence, and the evidence showed that the defendant was, as a legal proposition, guilty of negligence which caused the plaintiff's injury, but, further, as a legal proposition, proved that the plaintiff was guilty of contributory negligence, the court should sustain the defendant's demurrer, or in such a case the court ought, on the motion of the defendant, to exclude from the jury all the plaintiff's evidence."

I must therefore conclude that said instruction No. 3 did not contain sufficient qualifications to present the law properly to the jury, but was calculated to mislead them, to the prejudice of the defendant.

Instructions Nos. 3 and 8, given to the jury at the instance of the plaintiff, are inconsistent with No. 5, given to them at the instance of the defendant, and are therefore erroneous, for the reason that they are calculated to mislead and confuse the jury as to the law of the case. See *McMechen* v. *McMechen*, 17 W. Va. 684, p't 12 of syllabus, where it is held that "it is error to give inconsistent instructions to the jury, for it is calculated to confuse and mislead them. It leaves the jury at liberty to decide according to the correct rule of law, or the contrary, and renders it impossible for the court to determine upon what legal principal the verdict was founded."

The fourth assignment of error is that the court erred in refusing to give instructions Nos. 1, 2, 3, 4, 6, 8, and 9, asked for by the defendant. As to instructions Nos. 1, 2, and 3, I think they were properly refused by the court, for the reason that there is no evidence in the case tending to prove the facts therein stated, and for that reason they would have a tendency to mislead the jury. As to instruction No. 4, asked for by the defendant, and rejected by the court, I think the court committed no error in refusing to give this instruction, because it does not exclude the hypothesis that the plaintiff may have been injured by some

other negligent act or omission of the defendant. Instruction No. 6, asked for by defendant, was properly rejected, for the reason that the evidence in the case does not support it. No. 8 was also properly refused, for the same reason.

The court, however, committed an error in refusing to give instruction No. 9, asked for by the defendant, which was in these words: "If the jury believe from the evidence in this case that the plaintiff, knowingly and negligently, assumed a place of danger, and negligently failed to do his duty in averting such danger and his said negligence was one of the proximate causes of the injury, then he is not entitled to recover damages from the defendant company on account of his injury." Referring to the plaintiff's own evidence, we find that he states, in answer to the question, "Please tell the jury what your duties were," among other things, that "the rules required him to go to the caboose and take the place of the flagman if he should not be there, and also to assist him." To assist him in what? Surely in the performance of the duties that devolved upon him when the train stopped upon the track. And, as before stated, rule No. 208, governing freight brakemen, provides that "they are charged with the management of the brakes, and the proper display and use of the train signals;" not only the rear brakeman, but all of them, which would include the plaintiff. He also states in his testimony that "the flagman's position was at the rear of the train, and his post of duty was not in the caboose; and when asked, "What did you do when you went into the caboose?" answered, "I went to sleep. I was fast asleep when the accident occurred. Clark was in the caboose, but I don't know what he did after I went to sleep." And A. L. Smith, a witness for the defendant, whose statement is in conflict with no witness in the case, was asked, "From the time that the engine blew 'down brakes' to the time the train struck, would the men have had time to get out of the caboose?" and answered, "Yes, sir, if they had been awake." And the plaintiff also, when asked this question, "The place of the conductor was at the office getting his orders to move his train, and he left you and Clark in charge of

that train when he went to get his orders, and you went back into the caboose and went to sleep, and thus left your train unprotected, and let the other train run into it?" answered, " Yes, sir. "

In view of this evidence, it is difficult to determine how the jury, or any other person, could arrive at any other conclusion than that the plaintiff knowingly and negligently assumed a place of danger, and negligently failed to do his duty in averting such danger, and that his negligence was one of the proximate causes of his injury; and, if this be so, did the court err in instructing the jury that under this state of facts, the plaintiff was not entitled to recover damages from the defendant company on account of his injury? In the case of *Gerity's Adm'x* v. *Haley*, 29 W. Va. 98, (11.S. E. Rep. 901) this Court held (p't 1, syllabus) that, "where negligence is the ground of an action, it rests upon the plaintiff to trace the fault for his injury to the defendant, and for this purpose he must show the circumstances under which the injury occurred; and if from these circumstances so proven by the plaintiff, it appears that the fault was mutual, or, in other words, that contributory negligence is fairly imputable to him, he has by proving the circumstances, disproved his right to recover, and on the plaintiff's evidence alone the jury should find for the defendant." And GREEN, J., in delivering the opinion in that case, refers to Cooley, Torts, 673; also to *Railroad Co.* v. *Gladmon*, 15 Wall, 401; *French* v. *Railroad Co.*, 39 Md. 574; and *McQuilken* v. *Railroad Co.*, 50 Cal. 7— in support of said proposition, and says: "These decisions support the conclusion drawn from them; and this, it seems to me, is a correct exposition of the law, and consists with our decisions, though there are to be found in them expressions which, unless the whole case is examined with care, might seem to be inconsistent with the law as above stated."

Under the circumstances shown, then, by the testimony of the plaintiff himself, and in view of the law we have just quoted, I must conclude that the Court erred in rejecting instruction No. 9, asked for by the defendant. The plaintiff's own testimony further shows that he knew that

the conductor (Hearn) was at the telegraph office, getting his orders to move his train, and that he left the plaintiff and Clark in charge of the train when he went to get his orders; that these orders had to be reduced to writing, and that the conductor dare not move his train until he received orders to do so, and that at the time of the accident he was at the office waiting for these orders. The conductor, then, was at his post of duty at the telegraph office, awaiting orders to move his train, and it does not appear by the evidence that he was aware that Clark had failed to flag the train, but, on the contrary, he states in his testimony (about which there is no conflict) when asked, "Did you give Clark directions to flag?" "No, sir, I did not. I had perfect confidence in him, as he was a good man, and understood his duties." He had been examined by the company, and was considered a good flagman, and he had been engaged in that business something like fifteen months, and had a copy of the rules and regulations. The conductor and Clark had separate duties to perform, and their duties called them to different posts. The conductor waiting to receive his orders so that he could move his train at the earliest moment, was ignorant of the omission on the part of Clark to flag the train, and a compliance with his other duties prevented him from having a knowledge of such omission; and we find in the case of *Dun* v. *Railroad Co.*, 78 Va. 645, p't. 1, syllabus, the Court held that, "compensation is not recoverable for injury done plaintiff by defendant's mere negligence, when plaintiff, by his own ordinary negligence, contributed to cause the injury, so that, but for such contribution, the injury would not have happened, except when the direct cause of the injury is the defendant's omission (after knowing the plaintiff's negligence) to use proper care to prevent the consequences of such negligence." See, also, *Railroad Co.* v. *Ferguson*, 79 Va. 241, where it is held that, "in order to maintain an action for injury, it must be proved that the injuries were caused by the negligence of the defendant, or his agents, and it must not appear from the evidence that want of ordinary care and prudence on the part of plaintiff directly contributed to

the injury." Inthe opinion of the Court, delivered by Chief Justice BLACK, in the case of *Railroad Co.* v. *Aspell*, 23 Pa. St. 149, he says : "It has been a rule of law, from time immemorial, and it is not likely to be changed in all time to come, that there can be no recovery for an injury caused by the mutual fault of both parties. When it can be shown that it would not have happened except for the culpable negligence of the party injured, concurring with that of the other party, no action can be maintained." And in the case of *Dun* v. *Railroad Co.*, *supra*, the Court says : "It seems to be the better rule, both upon authority and upon reason, that the passenger, being endowed with intelligence which enables him to foresee and to avoid danger, the exercise of at least ordinary prudence is required on his part to escape it ; and if, by his failure to exercise these faculties for his own preservation, a misfortune befall him, though the carrier may have been in fault, it will be attributed to his own carelessness and inattention, and the responsibility will not be thrown on the carrier." This being the law with reference to a passenger, who is in no manner responsible for the proper management and safety of the train, what can we say with regard to a person who occupies the position of the plaintiff, whose duty, it was to immediately take the flagman's position on the train, and who was charged with the proper display and use of the train's signals, but who, instead of assuming the post required of him by the train rules, with which he was familiar, abandons his post and goes to sleep ? The evidence shows that if he had been awake he could have avoided the injury.

We can arrive at but one conclusion, and that is that his negligence and failure to perform his duties as an employe of the defendant contributed directly to the injury he received ; and the judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded to the Circuit Court of Mercer county for further proceedings to be had therein, with costs to the plaintiff in error.

REVERSED.    REMANDED.