## CHARLESTON.

WARD'S ADM'R v. CHESAPEAKE & O. R'Y CO.

Submitted January 25, 1894.—Decided March 21, 1894.

MASTER AND SERVANT—DAMAGES.

An employe can not recover from his employer for injuries received by reason of an accident, which could have been averted by the employe's proper discharge of the duties of his employment. Nor can the personal representative of such employe in such case, if death ensue, maintain an action for damages by reason thereof.

SIMMS & ENSLOW and J. E. CHILTON for plaintiff in error cited 34 W. Va. 681; 37 W. Va. 524; 34 W. Va. 500; 88 Va. 560; 149 U. S. 368; Beach Cont. Negl. (3d. Ed.) 373.

W. R. THOMPSON for defendant in error cited 9 W. Va. 252; 36 W. Va. 397; 16 W. Va. 307.

DENT, JUDGE:

The evidence in this case establishes the following facts: On the 16th day of December, 1891, Walter J. Ward was in the employ of the Chesapeake & Ohio Railway Company as a brakeman on the sixth section of train No. 33 on said road, which train was a freight going west, and by

direction of the printed schedule was required to take a
siding near Alderson about 5 o'clock A. M., to wait there
until train No. 4 on said road should pass going east.    The
said sixth section of train No. 33 took the siding as afore-
said, as required by the schedule.   One section of No. 4
passed carrying signals, which indicated that another sec-
tion was following, and for the said sixth section of train
No 33 to remain until the other section of No. 4 should
pass.   All the employes on the sixth section of No. 33 neg-
ligently overlooked the signals on the first section of No.
4, and pulled out on the main line, and had gone west about
one mile on the main line, when the said sixth section of
No. 33 collided with the second section of No. 4, which by
the schedule had the right of way ; and the said Walter
J. Ward was killed in the collision, for which injury J.
W. Eubanks, his administrator, brought suit as aforesaid,
and the jury assessed the damages at two thousand one
hundred and forty one dollars.

The defendant below demurred to plaintiff's evidence,
but the court overrulled the demurrer and gave judgment
against the defendant, the Chesapeake & Ohio Railway Com-
pany, for the amount assessed by the jury.

It was also shown in evidence that the deceased on en-
tering into the employment of the defendant subscribed
and agreed to be governed by the following rules, adopted
by the defendant in discharge of his duties towards the
public and its employes :

"Rule No. 4:   Every employe whose duties are in any
way prescribed by these rules must always have a copy of
them at hand, when on duty, and must be conversant with
every rule.   He must render all assistance in his power in
carrying them out, and immediately report any infringe-
ment of them to the head of this department."

"Rule No. 36:   Two green flags by day and two green lights
by night, displayed in the places provided for that purpose
on the front of the engine, denote that the train is followed
by another train, running on the same schedule, and en-
titled to the same time-table rights as the train carrying the
signals."

"Rule No. 78:   All signals must be strictly in accordance

with the rules, and trainmen and enginemen must keep a constant lookout for signals.

"Rule No. 79 : All trains are designated as regular or extra. Regular trains are those represented on the time-table, and may consist of one or more sections. All sections of a train, except the last, must display signals as provided in rule No. 36. Extra trains are those not represented on the time table, and may be run without notice. An engine without cars, in service on the road, shall be considered a train.

"Rule No. 80 : All regular trains are classified on the time table with regard to their priority of right to the track; trains of the first class being superior to those of the second and succeeding classes, and trains of the second class being superior to those of the third and all succeeding classes, and so on indefinitely. The terms 'passenger,' 'freight,' or 'mixed' are descriptive, and do not refer to class."

"Rule No. 83 : A train of inferior class must in all cases keep out of the way of a train of superior class."

"Rule No. 120 : Conductors and enginemen will be held responsible for violation of any of the rules governing the safety of their trains, and they must take every precaution for the protection of their trains, even if not provided for by the rules.

"Rule No. 121 : In all cases of doubt or uncertainty, take the safe course, and run no risks."

"Rule 309. [A part of the same] : A freight brakeman must attend to the brakes; be provided with, take care of, and properly display train signals; assist the conductor in loading or unloading freight, in inspecting the cars, and in all things necessary for the safe and prompt movement of the train."

The only question presented by the facts and circumstances is : Would the deceased in case death had not ensued, have been entitled to maintain an action for damages on account of injuries received? The rules adopted by defendant were necessary, reasonable and right and should have been strictly adhered to by the employes. To allow them to disregard and violate these rules with impunity,

and in case of accident occasioned thereby to award damages to the disobedient for injuries received, could not be otherwise considered than paying a premium on negligence.

Under rule No. 78 the deceased was required and agreed to "keep a constant lookout" for the signals on the first section of No. 4. This he wholly neglected and failed to do, as did all the other trainmen, who were his co-employes in the discharge of this highly necessary duty. The accident followed as the inevitable result, by which the deceased lost his life, and the defendant incurred heavy losses and liabilities, with no chance of restitution. Who is to make good to the defendant the losses sustained? The law would require those, by whose negligence they were occasioned, to do so, rather than unreasonably increase such losses by awarding damages to the negligent.

It is true, the accident would not have happened if the conductor had not directed the train to proceed. But the conductor had no authority to give and would not, have given the order to proceed had any one of the trainmen, his assistants, discharged his duty to the defendant properly, because there can be no question that, if any of these trainmen had been keeping "a constant lookout" for these signal lights, they would have been observed, and the accident would have been prevented. The act of the conductor in directing the train to proceed under the circumstances must be regarded to have been done, in so far as the failure to observe the signal lights was concerned, with the consent and assistance of all the other trainmen, and that they were all equally participants in such act and guilty of negligence with the conductor. It was their duty to know, and they knew, as much about the special section as he did; and in directing the train to proceed he relied on the supposition, that they had properly discharged a duty, which he had neglected. Under the rules he had the right to rely on their assistance about the matter. Their neglect misled him as much as his neglect misled them. In this regard they were all co employes, and the defendant's *alter ego* was represented by the crew, and not by any one of them specially. It was the defendant's duty, devolving on each and all of its employes by their contract of employment.

See *Core* v. *Railroad Co.* 38 W. Va. 456; (18 S. E. Rep. 596).

A recovery in a case of this character is so repugnant to every principle of justice, that it seems a waste of labor to comment on or cite authorities to show the untenable position assumed by the plaintiff's counsel in his argument. It is sufficient to say that this case is not parallel with the case of *Daniel's Adm'r* v. *Railway Co.*, 36 W. Va. 397; (15 S. E. Rep. 162) but belongs to the class of cases represented by *Eastburn* v. *Railroad Co.*, 34 W. Va. 681 (12 S. E. Rep. 819); *Overby* v. *Railroad Co.*, 37 W. Va. 524 (16 S. E. Rep. 813); *Johnson* v. *Railway Co.*, 38 W. Va. 206 (18 S. E. Rep. 573); and *Harris's Adm'r* v. *Railroad Co.*, 88 Va. 560 (14 S. E. Rep. 535).

The only conclusion in this case consistent with justice founded on reason and authority is, that the plaintiff is not entitled to recover. Therefore the judgment of the Circuit Court will be reversed, the demurrer to the evidence sustained, and the judgment entered for the defendant.