# CHARLESTON.

## RIEDEL *v.* TRACTION CO.

Submitted January 13, 1910.   Decided March 7, 1911.

1. STREET RAILROADS—*Operation—Care Required.*
    Street railways and pedestrians have equal rights to the use of the public street crossings, and the law enjoins upon both the exercise of reasonable care and caution.   (p. 21).

2. SAME—*Operation—Speed of Cars.*
    Unless a street railway company is expressly permitted by law to run its cars over the streets of a city at a high rate of speed, the speed should not be greater than is reasonable and consistent with the safe use of the streets by the public.   (p. 22).

3. SAME—*Operation—Action for Injuries—Evidence.*
    If a street railway is not expressly permitted by law to run its cars over the streets of a city at a high rate of speed, it is evidence of negligence if it operates its cars at so great a speed as not to be able to stop them readily, and within reasonable distance when approaching a public street crossing. (p. 22).

4. SAME—*Operation—Injuries   at   Crossing—Contributory Negligence.*
    A traveler on the streets of a city has the right to assume that street cars will not be run at an excessive rate of speed; and if a car running at a high rate of speed collide with a traveler at a public crossing, whereby the traveler is injured, it is for the jury to say, under all the facts in the case, whether or not the street railway company is negligent.   (p. 22).

5. SAME.
    If plaintiff is guilty of negligence which might have produced his injury, but before the injury actually results the defendant is guilty of negligence which is the *immediate* cause of the injury, the negligence of defendant becomes, in law, the sole proximate cause of the injury, even though no injury could have resulted to plaintiff if he had not been originally negligent.   The negligence of defendant supervening between the original negligence of plaintiff and the happening of the injury, destroys the legal force of plaintiff's negligence as a contributing cause to the injury.   (p. 23).

(BRANNON, JUDGE, absent.)

Error to Circuit Court, Marshall County.

Action by Louisa Riedel against the Wheeling Traction Com-

pany.  From a judgment for defendant, plaintiff brings error.
*Reversed and Remanded for New Trial.*

*J. Howard Holt* and *Martin Brown,* for plaintiff in error.

*W. A. Duggan, C. C. Newman,* and *Wm. Erskine,* for defendant in error.

Williams, President:

Defendant operates an electric car line between the cities of Wheeling and Benwood, and through Benwood. Plaintiff attempted to cross defendant's tracks at a public street crossing in Benwood, and was run over by defendant's car and was maimed. She brought an action against the defendant for negligently causing her injury. Defendant offered no evidence, and on its motion the court struck out plaintiff's evidence, and directed a verdict for the defendant, and entered final judgment in its favor. Plaintiff has brought the case here on writ of error. Defendant insists that plaintiff's evidence proves such contributory negligence as precludes a recovery.

The proof is that plaintiff was about forty-one years of age, strong and in good health, at the time of the accident; that about four or five o'clock on the 11th of April, 1906, she left her home to go to Dolan's store on the southeast corner of McMechen and Sixth streets; that she came to McMechen street by way of an alley which intersects it some distance north of Sixth street crossing, and followed down McMechen street, on the west side thereof, to Sixth street crossing, and left the sidewalk at the intersection of the streets and started diagonally across the street; that when she was almost across defendant's track she was struck by a southbound electric car running at the rate of fifteen or twenty miles an hour, and was thrown forward upon the track a distance of some twelve of fifteen feet, and the wheels of the car passed over her leg and cut it off; that from the time she came upon McMechen street until she reached the point where she left the sidewalk to cross diagonally over the intersection of McMechen and Sixth streets she was going southward, with her back toward the car which was coming in the same direction; that after leaving the sidewalk, and when at a point about midway between the curb and the car tracks, she glanced back over her shoulder to see if there was an approaching car and saw none.

But it appears from other facts proven that the car must then have been visible to her, and not far away, and that if she had looked straight up the tracks, instead of diagonally across, she could have seen it. She also testifies that she heard no car. Benwood is a manufacturing town in which are located a number of iron mills which produce a great deal of noise when in operation. The tracks of the Baltimore & Ohio Railway are not far away from McMechen street, and when its trains are moving makes a good deal of noise. Two or three eye witnesses to the accident testify that the motorman could easily have seen plaintiff in her perilous situation, if he had been looking out for pedestrians at the crossing. Witness McCabe who was standing on the southwest corner of the street crossing says he saw the car coming when it was about fifteen yards from the crossing; that at the same time he saw it he also saw the motorman, and that he was looking in the direction of witness; that plaintiff was then out in the street going in the direction of the tracks. According to this testimony plaintiff must have been almost in a direct line of the motorman's vision, walking diagonally towards the track with her back rather toward the motorman, and it is difficult to understand how he could have failed to see her. The proof is that he sounded no alarm, and made no effort to stop, or check the speed of the car, until after he had struck plaintiff. It does not appear that there is any municipal ordinance regulating the speed of defendant's cars in passing over the streets of Benwood. It is also proven that the car, running at the rate of fifteen miles an hour, could have been stopped within the distance of forty-five feet.

Upon this state of facts can it be said, as matter of law, that plaintiff was guilty of contributory negligence? If it can, then the judgment of the lower court is right, and it should be affirmed; but if not, then the question should have been submitted to the jury, and the judgment is erroneous.

There was a former trial in this case which was reviewed on writ of error to this Court, and will be found reported in 63 W. Va. 522. It was first tried upon conflicting testimony; but the case is now before us upon different evidence which presents facts which, according to the report of the former decision, did not then appear. The case is now to be reviewed upon the uncontradicted testimony of plaintiff and her witnesses, which the

lower court held not sufficient to warrant a recovery in her favor. We can not look to the testimony of witnesses on the former trial for any purpose.

Granting that plaintiff was negligent in the first instance, in not taking reasonable precaution to ascertain whether a car was approaching, before she attempted to cross the tracks, still it does not follow that such negligence was the proximate cause of her injury. If the defendant was guilty of a subsequent act of negligence, either in the omission of a duty, or in the commission of a wrongful act, such supervening negligence becomes, in law, the proximate cause of the injury; and plaintiff's prior negligence will not defeat her recovery. "It is now perfectly well settled that the plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was more immediately caused by the defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him." 1 Sher. & Red. on Negligence, sec. 99.

The rights of the Traction Company to the use of the street, at the crossing, is not superior to the rights of pedestrians. Their rights at that point are equal; and the law requires that both shall exercise reasonable care. The law does not apply the same rule in determining the relative rights between a street car company and other persons in the use of a public street crossing that it applies in case of a steam railroad crossing a public highway. The rights of the former are more analogous to the rights of ordinary vehicles. 2 Sher. & Red. on Negligence, section 485a, and numerous cases cited in the notes; *Richmond &c. Co. v. Garthright,* 92 Va. 627; *Bass' Adm'r. v. Norfolk &c. Co.,* 100 Va. 1; *Richmond Traction Co. v. Clarke,* 101 Va. 382.

Plaintiff's negligence in failing to observe the approaching car would not excuse defendant from the duty of exercising reasonable care to avoid doing her injury. If the motorman saw plaintiff in her perilous situation, or if he could have seen her by the exercise of reasonable caution, and could thereafter have avoided the accident by sounding the alarm, or by checking the speed of the car, and failed to do so, then his failure to do so was a supervening independent act, or acts, of negligence which were the proximate cause of plaintiff's injury. The defendant's

negligence is, therefore, a mixed question of law and fact properly to be determined by the jury, upon proper instructions. If the case had been submitted to them, they would certainly have been warranted in finding, from the testimony of the witnesses, that defendant's motorman was guilty of negligence after he saw, or should have seen, plaintiff's danger. This fact established, the law is that it, and not the plaintiff's original negligence, was the proximate cause of the injury. Plaintiff was struck just as she was passing beyond the farthest rail of the track, and if the motorman had checked his car ever so little, if he had delayed it even the fractional part of a second, it is highly probable that plaintiff's body would have cleared the track, and she would not have been hurt; or, if he had sounded the alarm and given her warning, she might have quickened her pace, and thus have avoided the collision. But it is insisted that plaintiff's negligence, if not the sole proximate cause of her injury, at least combined with defendant's negligence to produce it, and that, therefore, she can not recover. Such is the law, if such were the fact. 1 Sher. & Red. on Neligence, section 93; . *Eastburn* v. *Railway Co.,* 34 W. Va. 681; *Carrico* v. *Railway Co.,* 39 W. Va. 86; *Humphrey's Adm'x* v. *Railway Co.,* 100 Va. 749. But such is not the fact, as it appears from the only evidence before us, the undisputed testimony of plaintiff and her witnesses. The negligence of plaintiff and that of defendant's motorman, were separate and independent of each other; and the motorman's negligence was later in time, and the last to occur before the accident. It was, therefore, necessarily the proximate cause of the injury, unless it had been shown that, after discovering plaintiff's danger, he used reasonable care to avoid the collision and was, nevertheless, unable to avoid it. In view of the respective rights of the parties to the use of the street crossing, it was the duty of the motorman to have approached the crossing with reasonable precaution, and to have kept a lookout for pedestrians at that point. His negligence in not sounding an alarm, and in not making an effort to stop the car, is not in anyway related to plaintiff's negligence in attempting to cross the street ahead of the car; and the legal effect of it, as constituting the proximate cause of the injury, depends upon whether he exercised reasonable diligence to avoid a collision with plaintiff after he should have seen her danger. Its relation to the

cause of the accident depends upon his duties and his opportunities, one a question of law and the other a fact for the jury. After plaintiff had failed in her duty to use reasonable precaution, the motorman later, according to the testimony, failed in his duty which, if it had been performed, might have prevented the injury. The law applicable to actions involved both negligence and contributory negligence is clearly stated in Point 6 of the syllabus in *Washington* v. *Railroad Co.*, 17 W. Va. 190, as follows, viz.: "It is therefore not contributory negligence for the plaintiff to be guilty of a negligent act, which might have produced the injury, if, before it actually results, the defendant is guilty of some negligent act, was the immediate cause of the injury, even though no damage could have resulted to the plaintiff, had he not been originally negligent." See also, *Richmond Traction Co.* v. *Clarke*, 101 Va. 382; *Grand Trunk Railway Co.* v. *Ives*, 144 U. S. 408; *Inland &c. Co.* v. *Tolson*, 139 U. S. 551. This principle seems to have been first announced by the English Court of Exchequer in the case of *Davies* v. *Mann*, decided in 1842, 10 M. & Wel., side page 546. That was an action brought for the negligent killing of an ass which the owner suffered to be in a public highway, with his front feet hobbled together, and which a driver carelessly ran into with his wagon and horses. The court there held that the plaintiff's negligence in suffering the animal to be in the public highway, thus hobbled, did not preclude him from recovery, if the defendant carelessly caused the death of the animal. That case has been almost universally followed by the courts of this country as the law. 1 Sher. & Red. on Negligence, section 99.

In view of the uncontradicted testimony of witnesses proving negligence of defendant's motorman, it cannot be said, as matter of law, that plaintiff's negligence was the proximate cause of her injury, or that it combined with defendant's negligence as the proximate cause. The trial court erred in excluding plaintiff's evidence and directing a verdict for the defendant. The judgment will be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and Remanded for New Trial.*